IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 00-cv-00269-MSK-MEH

DELORES J. GARCIA, as personal representative of the estate of Gregory Rodriguez,

    Plaintiff,

v.

RAYMOND GALLARDO,

    Defendant.

# ORDER DENYING MOTION FOR NEW TRIAL

THIS MATTER comes before the Court on the Plaintiff's Motion for a New Trial Pursuant to Rule 59(a), Fed. R. Civ. P. **(#223)**, to which the Defendant has responded **(#225)**. The Plaintiff filed no reply. Having considered the motion and the response, the Court

**FINDS** and **CONCLUDES** that:

An 8-day jury trial was held between August 14 and 24, 2006 on the Plaintiff's claim that the Defendant applied excessive force to Gregory Rodriguez. The Defendant had fired a fatal gunshot at Mr. Rodriguez as Mr. Rodriguez was driving a car in the parking lot of the Purple Turtle Lounge located in Denver. The parties disputed whether this use of force was reasonable. The jury found that the Plaintiff did not prove by a preponderance of the evidence that the amount of force applied by the Defendant to Gregory Rodriguez was excessive. Therefore, it returned a verdict in favor of the Defendant.

The Plaintiff seeks a new trial. She contends that the jury's verdict was contrary to the law and the evidence because there was evidence that the Defendant was not standing in front of the


vehicle when he fired the shot.  She therefore asserts that the Defendant was not in danger when he fired the shot and that his use of force was unreasonable.

The Defendant responds that the use of force was reasonable under the circumstances.  He also contends that the Plaintiff has not demonstrated that the jury's factual finding should be disturbed.  Last, he contends that the Plaintiff failed to make a motion under Fed. R. Civ. P. 50 at the conclusion of the evidence, therefore she cannot obtain a new trial.

The Court begins with the last of these contentions, and rejects it.  The failure to make a motion for judgment as a matter of law under Rule 50 does not preclude the filing of a motion for a new trial.  *See Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1334 (10th Cir. 1984).  Therefore, the Court turns to the Plaintiff's motion.

Pursuant to Fed. R. Civ. P. 59(a), "A new trial may be granted to all or any of the parties and on all or part of the issues . . . for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States[.]"  In considering a motion filed under this rule, the Court construes the evidence in the record in the light most favorable to the party which prevailed at trial.  *See White v. Conoco, Inc.*, 710 F.2d 1442, 1443 (10th Cir. 1983).  It is not this Court's function to retry the facts; rather, the party moving for a new trial "must demonstrate trial errors which constitute prejudicial error or that the verdict is not based on substantial evidence." *Id.*  Where there is conflicting evidence, the Court must resolve all conflicts in favor of the prevailing party, giving deference to the jurors' factual findings.  *See id.*  The jury's verdict must be upheld unless it it is "clearly, decidedly or overwhelmingly against the weight of the evidence."  *See Escue v. Northern OK College,* 450 F.3d 1146, 1157 (10th Cir. 2006).

At trial, the parties had contradictory theories and presented conflicting evidence regarding the circumstances surrounding the shooting.  Although there was evidence that the Defendant was

standing to the side of the car when he shot Mr. Rodriguez, there was also evidence that the car was directly aimed at him as it approached, that he decided to fire the shot when he was in the path of the car, and that he twisted out of the car's path as he fired. In addition, there was evidence that prior to the shooting, Mr. Rodriguez had driven his car towards pedestrians in the parking lot, hitting at least one person, and that the Defendant did not fire his weapon until the car was only a few feet away from him. The Defendant's expert, Elmer Pellegrino, testified regarding the concept of "lag time" and how the decision to shoot is made seconds before the trigger is actually pulled. The Defendant testified that he believed his life was in danger at the time he fired the shot. Construing the evidence most favorably to the Defendant, the jury verdict is justified.

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion for a New Trial Pursuant to Rule 59(a), Fed. R. Civ. P. **(#223)** is **DENIED**.

Dated this 19th day of October, 2006

                                                **BY THE COURT:**

_/s/ Marcia S. Krieger_

                                                Marcia S. Krieger
                                                United States District Judge